IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON STELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-80 |
| | § | |
| J.P. MORGAN MORTGAGE ACQUISITION CORP. | § § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant J.P. Morgan Mortgage Acquisition Corp. ("Defendant") files this Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

## I.
## INTRODUCTION

1. On February 2, 2022, Jason Stell ("Plaintiff") filed its Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction (the "Petition") in the 239th District Court of Brazoria County, Texas under Cause No. 121454-CV.[1]

2. In the Petition, Plaintiff asserts claims against Defendant for declaratory judgment, breach of contract, Violation of Texas Property Code Section 51, promissory estoppel, fraud in the inducement, actual damages, intentional infliction of emotional distress, exemplary damages, attorney fees and injunctive relief, claiming Defendants do not have standing to foreclose on the real property located at 1867 Garnet Breeze Drive, Rosharon Texas 77583 (the "Property"). Plaintiff seeks injunctive relief preventing foreclosure of the Property and attorneys' fees.

---

[1] **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4. This suit was filed on February 2, 2022 and Defendant was served on February 13, 2023. This Notice of Removal is therefore timely.

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the Plaintiff and Defendants are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

A.   *Complete Diversity Exists.*

6. Upon information and belief, Plaintiff is a citizen of Texas.[2]

7. Defendant JP Morgan Mortgage Acquisition Corp. is a corporation with its principal office in Delaware and its principal place of business in New York. Therefore, Defendant is a citizen of Delaware and New York for diversity purposes.[3]

8. Because Plaintiff, upon information and belief, is a citizen of Texas, and the Defendant is not a citizen of Texas, complete diversity of the Parties exists.

B.   *The Amount in Controversy Exceeds $75,000.00.*

9. In the Petition, Plaintiff seeks injunctive relief to enjoin Defendant from foreclosing on the Property and seeks declaratory judgment that Defendant be estopped from foreclosing on

---

[2] Petition at ¶ 2.
[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

the Property.[4] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[5] When the object of the litigation is the protection of an entire property, the fair market value of the property is the proper measure of the amount in controversy.[6] Here, the value of the Property is at least $260,670.[7] Therefore, based on the value of the injunctive relief sought by Plaintiff, the amount in controversy exceeds $75,000.00 and removal is proper.

## IV.
## VENUE

10. Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1441(a) because Brazoria County, Texas is located within this District and cases arising from Brazoria County, Texas are properly assigned to the Southern District of Texas.[8]

## V.
## ADDITIONAL REQUIREMENTS

11. Plaintiff did not demand a jury trial in its Petition.

12. Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Brazoria County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441 and 1332, Defendant JP Morgan Mortgage Acquisition Corp., give notice that Cause No. 121454-CV, now pending in the District Court of Brazoria County, Texas, has been removed to this Court.

---

[4] **Exhibit A**, Petition at ¶¶ 59-67.
[5] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[6] *Id.*
[7] *See* Brazoria County Appraisal District Summary, attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Brazoria County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source—the Brazoria County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).
[8] 28 U.S.C. § 124(b)(1).

Respectfully submitted,

**Bradley**

By:     */s/ Melissa Gutierrez Alonso*
**JON H. PATTERSON**
Texas Bar No. 24077588
jpatterson@bradley.com
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax:    (205) 488-6403

**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

  I certify that on this 13th day of March, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

<u>***Via E-mail:* clay@viltlaw.com**</u>; **nicolas@viltlaw.com**
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
***Attorney for Plaintiff***

          */s/ Melissa Gutierrez Alonso*
          Melissa Gutierrez Alonso