IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON STELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-80 |
| | § | |
| J.P. MORGAN MORTGAGE | § | |
| ACQUISITION CORP. | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY PLAN**
**UNDER FRCP 26(f)**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.**

    The parties conferred on June 12, 2023 by phone. Robert C. Vilt conferred on behalf of Plaintiff; Melissa Gutierrez Alonso conferred on behalf of the Defendant J.P. Morgan Mortgage Acquisition Corp. Each counsel's bar number and contact information is included in the signature block herein.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    None.

3. **Briefly describe what this case is about.**

    Plaintiff alleges breach of contract, violations of Texas Property Code § 51, promissory estoppel, fraud in the inducement, declaratory judgement, and attempted wrongful foreclosure stemming from the servicing of the mortgage on his home.

    Defendant denies Plaintiff's allegations. Specifically, Defendant asserts that it granted Plaintiff a Covid-19 forbearance. After the forbearance period ended, Defendant considered Plaintiff for loss mitigation assistance. Plaintiff rejected the initial loan modification Defendant offered and later reapplied. Defendant considered several additional applications, but Plaintiff did not qualify for any additional loan modifications. Plaintiff's contract claim is barred by his prior material breach of the contract in question. Chapter 51 of the Texas Property Code does not provide

for a private right of action, and, in any event, Defendant sent all proper foreclosure notices. Plaintiff cannot maintain a promissory estoppel claim because the parties' relationship is governed by a valid contract. Plaintiff's fraud claim is barred by the economic loss rule and because Defendant did not engage in any fraudulent activity.

4.  **Specify the allegation of federal jurisdiction.**

    Diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.  **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

    None.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

7.  **List anticipated interventions.**

    None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete such disclosures.**

    The parties intend to exchange initial disclosures on or before June 30, 2023.

10. **Describe the proposed agreed discovery plan, including:**

    A.  *Discovery is needed on the following subjects:*

    The parties anticipate conducting discovery regarding Plaintiff's compliance with the terms of the Note and Deed of Trust, the terms of his Covid-19 Forbearance, as well as his various applications for loan modification.

    The parties anticipate discovery should be completed on or before October 31, 2023, not conducted in phases, and with no limitations other than those provided by the Federal Rules of Civil Procedure.

    **B.**    *The date experts for plaintiff (or Party with the burden of proof on an issue) will be designated and their reports provided to opposing party:*

    Plaintiff does not anticipate designating experts with the exception of his legal counsel regarding reasonable and necessary attorney fees.

    **C.**    *The date experts for defendant will be designated and their reports provided to opposing party:*

    Defendant anticipates designating experts to Plaintiff on or before March 1, 2024.

    **D.**    *The date discovery can reasonably be completed.*

    October 31, 2023.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in initial settlement discussions, principally revolving around another loan modification application.

**14.** **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Defendant has solicited a settlement offer from Plaintiff. Plaintiff has agreed to discuss settlement.

**15.** **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Defendant believes mediation is premature at this time. The parties are open to informal settlement negotiations in order to determine if early settlement is possible.

16. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.**

    The parties do not consent to trial before the Magistrate.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff did not make a jury demand in the Original Petition.

18. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

    Both parties anticipate that the trial of this matter would take 1-2 days (8 to 12 hours).

19. **List pending motions that could be ruled on at the initial pretrial conference.**

    None.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

    None.

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Defendant filed its Certificate of Interested Parties on March 28, 2023.
    Plaintiff filed its Certificate of Interested Parties on April 13, 2023.

Respectfully submitted,

**Bradley**

By:     */s/ Melissa S. Gutierrez*
**JON H. PATTERSON**
Texas Bar No. 24077588
jpatterson@bradley.com
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax:    (205) 488-6403

**MELISSA S. GUTIERREZ**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR DEFENDANT***

And

/s/*Robert C. Vilt*
Robert C. Vilt
Vilt Law, PC
Texas Bar No. 00788586
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
Telephone:  713.840.7570
Facsmile:  713.877.1827
*clay@viltlaw.com*; *nicolas@viltlaw.com*

***ATTORNEY FOR PLAINTIFF***

5

## **CERTIFICATE OF SERVICE**

      I certify that on this 12th day of June, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

*Via E-mail:* clay@viltlaw.com; nicolas@viltlaw.com
Robert C. Vilt
Vilt Law, PC
5177 Richmond Ave., Ste. 1142
Houston, Texas 77056
***Attorney for Plaintiff***


                                                  */s/ Melissa Gutierrez Alonso*
                                                  Melissa Gutierrez Alonso